**E. M. Leonard Produce Company, Defendant in Error Union Pacific Railroad Company, Plaintiff in Error.**

## Gen. No. 17,345.

1. MUNICIPAL COURT—*affidavit of defense.* Where in a fourth class action in the Municipal Court plaintiff's statement of claim is based on unnecessary and unreasonable delay on the part of defendant carrier in the transportation of goods and defendant's affidavit of defense is simply that it has a good and valid defense to the whole of plaintiff's claim, the nature of which is "that there was no unnecessary and unreasonable delay," etc., the only fact in issue is that of delay, and defendant is not entitled to avail itself of the absence of proof that it was the initial carrier, or of proof

of a contract between plaintiff and defendant, or that plaintiff is the lawful holder of a receipt or bill of lading issued by it.

2. MUNICIPAL COURT—*affidavit of defense.* On appeal, a defendant cannot complain of the absence of proof as to matters which he has admitted by failure to specifically deny in his affidavit of defense.

3. CARRIERS—*act of God.* A carrier cannot avail itself of the defense that a delay in transportation occasioned by a washout was due to an act of God for which it was not responsible, where, from the stipulated facts, it appears that had the goods been transported *without delay upon receipt no delay would have been occasioned* by the washout.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed May 21, 1913.

DAVIS & RANKIN, for plaintiff in error.

HARRY S. DITCHBURNE, for defendant in error; FREDERICK S. BAKER, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

An action of the fourth class was begun by defendant in error in the Municipal Court. He filed his statement of claims and ·an affidavit showing the amount due to be $151.41. Plaintiff in error entered its appearance and filed its affidavit of defense. The issues so formed were tried by the court without a jury on the following stipulated facts:

"On the night of February 12, 1907, the E. M. Leonard Produce Company shipped 31,685 pounds of potatoes in first-class condition to their order, notify Loeb-Fleishman & Co., Los Angeles, California, in car No. U. P. 56830. Shipment was accepted by the Union Pacific Railroad at Ault, Colorado, on that date and the Union Pacific Railroad Company delivered the car to the Oregon Short Line at Ogden, Utah, on February 17, 1907. The Oregon Short Line, in turn, delivered the car at Salt Lake City on February 18, 1907, at 4:00

A. M. On February 22nd, the San Pedro, Los Angeles and Salt Lake Railroad to whom this car had been delivered for further transportation moved it forward from Salt Lake City and was prevented from carrying it further than Lund, Utah, on account of a washout of the railroad tracks occurring on February 22, 1907, caused by unprecedented and inevitable flood which amounted to the act of God. The car was, for the same reason, held at Lund until March 11, 1907, the tracks being destroyed between Lund and Salt Lake City, at which time it was moved back to Salt Lake City, delivery being made to the Oregon Short Line at Salt Lake City on March 13, 1907. The Oregon Short Line Railroad delivered the car to the Southern Pacific Company for shipment to Los Angeles, California, and delivery was made at Los Angeles on March 28, 1907, contents in bad order and condition. The potatoes were refused by Loeb-Fleishman & Co. because of the delay in delivery and the poor condition of the same. They were afterwards taken by Loeb-Fleishman & Co. at the request of E. M. Leonard Produce Company and sold for said E. M. Leonard Produce Company account to various parties in and about Los Angeles. The net amount of plaintiff's loss is $151.41.

"The usual and customary schedule running time between Ault, Colorado, and Ogden, Utah, on the Union Pacific Railroad for carload lots of potatoes is from four to five days. The usual and customary running time on the Oregon Short Line between Ogden, Utah, and Salt Lake City for carload lots of potatoes is about one-half day. The usual and customary running time schedule between Salt Lake City and Lund, Utah, on the San Pedro, Los Angeles and Salt Lake R. R. on carload lots of potatoes is about twenty-nine hours. Trains run daily from and between all of the points above named."

The trial resulted in a judgment in favor of defendant in error for $151.41, the full amount of the claim.

E. M. Leonard Produce Co. v. U. P. R. Co., 180 Ill. App. 415.

To reverse this judgment this writ of error is prosecuted.

Plaintiff in error asks a reversal of the judgment for four reasons, which we quote from his brief:

1. There is no proof in the record that the defendant was the initial carrier of plaintiff's potatoes.

2. Defendant's liability at common law cannot attach because the stipulated facts are indefinite and wholly fail to establish a contract between plaintiff and defendant.

3. There is no proof that the plaintiff is the lawful holder of a receipt or bill of lading issued by defendant.

4. The finding of the court below is contrary to law because it manifestly appears from the facts in the case that the delay in the transit was due to an unprecedented and inevitable flood which amounted to

We will dispose of these contentions in their order. In section 43 of the Municipal Court Act, it is provided, among other things, that " * * * In cases of the fourth class * * * the Municipal Court may adopt such rules and regulations as it may deem necessary to enable the parties in advance of the trial to ascertain the nature of the plaintiff's claim or claims and the defendant's defense or defenses * * * ." In the exercise of the power conferred by the foregoing statutory provision, the Municipal Court has from time to time adopted various rules intended to enable the parties to ascertain before the trial the issues that are to be contested on the trial, and thereby expedite the disposition of business and minimize the expense of litigation by rendering it unnecessary to establish by proof facts essential to the plaintiff's right to recover, but which are not contested. Among such rules in force at the time the case at bar was pending and disposed of were rules 17 and 19, in which, among other things, it is provided:

"Rule 17. Defendant's Affidavit of Defense.

"In first and fourth class cases for the recovery of money only the defendant shall file an affidavit sworn to by himself, his agent or attorney, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, whether by way of denial of by way of confession and avoidance, *in such a manner as to reasonably inform the plaintiff of the defense which will be interposed at the trial,* and evidence of only such defenses are set out in said affidavit shall be admitted on the trial.     *     *     *

"If the defendant fails to file an affidavit of merits, such as is required by the rules of this court, the plaintiff shall be entitled to default and judgment upon the plaintiff's affidavit of claim on file in said cause or upon such further evidence as the court may require.
*     *     *     "

"Rule 19.     Specific Denial Required.

"Every allegation of fact in any statement of claim *     *     * if not denied specifically or by necessary implication in the affidavit of defense filed in reply by the opposite party, shall be taken as admitted, except as against an infant or a lunatic."

The statement of claim filed by defendant in error is as follows:

"Plaintiff's claim is for loss and damage sustained on account of unnecessary and unreasonable delay on the part of the defendant in transporting one car of potatoes from Ault, Colorado, to Los Angeles, California. The shipment was made February 12, 1907, and car did not reach Los Angeles until March 28, 1907. Claim was made against defendant company by claimant and is covered by U. P. Claim No. D. 974—19—N. P. The number of the car was Union Pacific 66830, whereof the plaintiff brings this suit and for interest at statutory rates."

Upon that statement of claim and the affidavit of amount due defendant in error would under the rules quoted above have been entitled to a judgment for the full amount of his claim without introducing any evi-

dence, if plaintiff in error had filed no affidavit of defense.

The affidavit of defense filed by plaintiff in error is as follows:

"That said Union Pacific Railroad Company has a good and valid defense to the whole of the plaintiff's claim, as herein set forth; that the nature of said defense is that there was no unnecessary and unreasonable delay on the part of the Union Pacific Railroad Company in transporting said car of potatoes as plaintiff has herein complained against it."

That affidavit of defense puts in issue one fact only, namely, whether there was unnecessary and unreasonable delay in transporting the car of potatoes from Ault, Colorado, to Los Angeles, California, and that is the only fact defendant in error was required under the rules quoted to prove. All other facts necessary to defendant in error's right to recover not being specifically denied in the affidavit of defense, were admitted. It was, therefore, admitted in the Municipal Court that plaintiff in error was the initial carrier; that the contract for shipment was entered into by the parties and that a bill of lading was issued by plaintiff in error for such shipment. These facts having been admitted in the trial court, plaintiff in error can not be heard to complain in this court that they were not proven. This disposes of the first, second and third grounds urged by plaintiff in error for a reversal of the judgment below. Assuming that the affidavit of defense in denying there was unnecessary and unreasonable delay in transporting the potatoes puts in issue the question raised by the fourth and last ground urged as a reason for reversing the judgment, namely, whether whatever delay there was, was caused by the act of God, which is extending that affidavit to the limit for the benefit of plaintiff in error, the stipulated facts show the contention to be without merit. That stipulation shows that the car of potatoes left Ault, Colorado, February 12th; that it should in the ordi-

nary course of such shipment have reached Lund, Utah, not later than February 18th or 19th; that it did not reach there until sometime on February 23rd; that a flood occurred on February 22nd which pre-vented the transportation of the same further at that time; that it was held at Lund for seventeen days, was then re-routed and finally reached its destination March 28th, or forty-four days after the date of shipment. It was for the court trying the case on the stipulated facts to determine whether the delay in transporting the goods from Ault, Colorado, to the flood district at Lund, Utah, and from Lund, Utah, to Los Angeles, California, after the same had been re-routed, was un-reasonable and unnecessary, and whether the delay at Lund would have occurred at all if the car had been transported in the usual and customary way and time, in order that the main question, namely, whether there had been unnecessary and unreasonable delay in the transportation of the car from the initial to the termi-nal points of shipment can be determined. The court found that there had been such delay and rendered judgment for the stipulated amount of damages, and we think on the facts and the law it was warranted in so doing. Unreasonable and unnecessary delay in transportation being shown, and all other facts neces-sary to defendant in error's right to recover being admitted by the failure of plaintiff in error to specifi-cally deny them in the affidavit of defense, and the amount of the damages having been stipulated, the court could do nothing less than to render the judg-ment it did.

The judgment of the Municipal Court is, therefore, affirmed.

*Judgment affirmed.*